IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RAY SMITH, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:18-cv-00732 |
| ) | |
| TENNESSEE, STATE OF, *et al.*, ) | Judge Trauger |
| ) | |
|     Defendants. ) | |

# M E M O R A N D U M

Plaintiff Ray Smith, a pre-trial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against the State of Tennessee, Governor Bill Haslam, Mayor David Briley, and "Nashville and Davidson County," alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1).

The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that the plaintiff's arrest on May 21, 2018 violated his due process rights because the arrest was "false," "based on hearsay," and without probable cause. (Doc. No. 1 at 1, 5). In particular, the complaint alleges that the arrest warrant was based on the victim's perjury. (*Id*. at 5). Finally, the complaint alleges that, "[d]uring the preliminary proceedings,

the court did not do it's [sic] due diligence in dismissing the charges when clearly there was not enough evidence to support the alleged crime." (*Id.* at 6).

IV.     Analysis

The complaint alleges that the plaintiff was falsely arrested. False arrest claims can be brought pursuant to federal or state law. *Voticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005). The plaintiff here brought his claims pursuant to §1983. "A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Id.* at 677. When a plaintiff is arrested pursuant to a warrant, the plaintiff must show "that in order to procure the warrant, [the officer] knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that created a falsehood and such statements or omissions were material, or necessary, to the finding of probable cause." *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010) (citations omitted)). A facially valid warrant is not always sufficient to merit dismissal of a false arrest claim brought pursuant to § 1983 when evidence exists that a defendant intentionally misled or intentionally omitted information at a probable cause hearing for an arrest or search warrant if the misleading or omitted information is critical to the finding of probable cause. *See Mays v. City of Deyton*, 134 F.3d 809, 816 (6th Cir. 1998); *United States v. Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997).

The complaint clearly names four defendants to the plaintiff's false arrest claims: the State of Tennessee, Governor Bill Haslam, Mayor David Briley, and "Nashville and Davidson County." Governor Haslam and Mayor Briley are sued in their official capacities only. (Doc. No. 1 at 2). "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v.*

3

*Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989)).  Therefore, a suit against Mayor Briley in his official capacity is a suit against the Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro Government").  A suit against Governor Haslam in his official capacity is a suit against the State of Tennessee.

While Metro Government is a suable entity, it is responsible under § 1983 only for its "own illegal acts.  [It is] not vicariously liable under § 1983 for [its] employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (internal citations and quotation marks omitted). Under § 1983, a municipality can only be held liable if the plaintiff demonstrates that the alleged federal violation was a direct result of the city's official policy or custom. *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693 (1978)); *Regets v. City of Plymouth*, 568 Fed. App'x 380, 394 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, the allegations of the complaint do not establish municipal liability on the part of the Metro Government.  The complaint does not allege the existence of a Metro Government policy or custom that is responsible for the alleged violation of the plaintiff's rights. Accordingly, the court finds that the complaint fails to state a claim under § 1983 upon which relief can be granted against Mayor Briley in his official capacity and against Metro Government.

As to the State of Tennessee, the Eleventh Amendment to the United States Constitution prohibits suits against a state in federal court for damages.[1] *Ky. v. Graham*, 473 U.S. 159, 169-70 (1985). Furthermore, a state is not a person within the meaning of § 1983. *Will v. Mich.*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). The plaintiff's claims against the State of Tennessee, therefore, are barred by the Eleventh Amendment and do not fall within the purview of § 1983. *See Horton v. Martin,* 137 F. App'x 773, 775 (6th Cir. 2005) (dismissing damages claim against state parole board under the Eleventh Amendment) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984)). In any event, the plaintiff has not alleged any specific personal involvement by the State of Tennessee in the events described in the complaint. A plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation. *See Miller v. Calhoun Cnty*., 408 F.3d 803, 827 n.3 (6th Cir. 2005); *Dunn v. Tenn.*, 697 F.2d 121, 128 (6th Cir. 1982). Thus, the plaintiff's claims against the State of Tennessee and against Governor Haslam fail to state claims upon which relief can be granted.

Next, in a note attached to the complaint, the plaintiff writes: "Note: Please be advised that there are other defendants to be named at this time and will be amended to this complaint upon discovery." (Doc. No. 1 at 8). The plaintiff then lists the following individuals: the arresting officer, the judge/magistrate who issued the warrant for his arrest, the judge/magistrate who set his bail, the judge and prosecutor at his preliminary hearing who bound the charges over to the grand jury. (*See id*.) In addition, on page one of the complaint, the plaintiff handwrote a note above the caption that reads: "If it would please the Court the plaintiff would have amend

---

[1] The complaint seeks damages in the amount of $3950 from each defendant for each day the plaintiff has been incarcerated. (Doc. No. 1 at 7).

my complaint with the names of the defendants." (*Id.* at 1). Further, on page seven of the complaint in the "Relief Requested" section, the complaint states that the "alleged victim" is being sued in his or her individual capacity only, and the arresting officer is being sued in both his or her official and individual capacities. (*Id.* at 7).

As best the court can discern, the plaintiff is asking the court to permit him to include these individuals as defendants at this time and permit the plaintiff to amend his complaint at a later date, after he is able to determine the names of the individuals. Essentially, these individuals at this time are John and Jane Doe defendants. Although designation of "John Doe" or "Jane Doe" defendants is not favored, it is permissible when the defendants' identities are not known at the time the complaint is filed, but may be determined through discovery. *See Berndt v. Tenn.*, 796 F.2d 879, 882-84 (6th Cir. 1986). Therefore, the court will screen the plaintiff's claims against these defendants under the PLRA and, if any of the claims survive the screening, the plaintiff will be permitted to amend his claim after identifying the defendants by their correct names.

As to the as-yet-unidentified victim who allegedly perjured himself or herself, §1983 allows individuals to bring a federal lawsuit against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n.3 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir. 1996). A plaintiff generally cannot sue a private company or individual for violations of his constitutional rights. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). The "under color of state law" element of § 1983 excludes from its reach private conduct, no matter how discriminatory or wrongful. *Id.* Because the victim is a private individual, the victim is not

a "person" subject to suit under § 1983. Therefore, the plaintiff's claims against the John or Jane Doe victim fail to state claims upon which relief can be granted under § 1983.

As to the as-yet-unidentified arresting officer, the complaint alleges only that "[t]he arresting officer is involved for arresting [the plaintiff] without probable cause." (Doc. No. 1 at 5). The complaint includes no allegations about the arresting officer's state of mind while obtaining and serving the arrest warrant on the plaintiff, only that he was "involved." (*Id.*) Consequently, the complaint fails to allege "that in order to procure the warrant, [the officer] knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that created a falsehood and such statements or omissions were material, or necessary, to the finding of probable cause." *Sykes*, 625 F.3d 294, 305. The plaintiff's false arrest claims against the arresting officer in his individual capacity fail to state claims upon which relief can be granted under § 1983.

The plaintiff indicates that he also sues the arresting officer in his official capacity. It appears that the arresting officer is an employee of the Metro Government. As explained above, the allegations of the complaint do not establish municipal liability on the part of the Metro Government. Accordingly, the court finds that the complaint fails to state a claim under § 1983 upon which relief can be granted against the arresting office in his official capacity and against Metro Government.

As to the as-yet-unidentified judges who issued the plaintiff's arrest warrant and presided over the plaintiff's preliminary hearing, and as to the magistrate who set the plaintiff's bail, a judge has absolute immunity from suit both from money damages and injunctive relief for his or her judicial acts. *See Butz v. Economou*, 438 U.S. 478, 511-12 (1978), *Kipen v. Lawson*, 57 Fed.

App'x 69, 692 (6th Cir. 2003). Judicial immunity is an immunity from suit, not just immunity from the assessment of money damages. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Because a plaintiff's allegations of bad faith, malice, or corruption against a judge cannot overcome absolute judicial immunity from suit, a judge is entitled to have a suit accusing him or her of acting in bad faith, maliciously, or corruptly dismissed on the basis of judicial immunity. *See id.*

Judicial immunity from suit can be overcome in two situations, neither of which is applicable here. A judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11-12; *Stump v. Sparkman*, 435 U.S. 349 (1978). Neither of these exceptions to judicial immunity is applicable because the alleged acts of the judges and magistrate in the plaintiff's criminal case indisputably were judicial acts taken in the course of their judicial capacity and were not committed in the complete absence of all jurisdiction. Therefore, these individuals are absolutely immune from this civil suit, and the plaintiff's claims against them must be dismissed.

As to the as-yet-unidentified prosecutor at the plaintiff's preliminary hearing, prosecutors are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430–31(1976). "A prosecutor's decision to initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity." *Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012). Therefore, the plaintiff's claims for money damages against the prosecuting attorney for these activities are barred by absolute prosecutorial immunity. *Id.* at 427–28; *Burns v. Reed*, 500

U.S. 478, 490–492 (1991); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989); *Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986). These claims must be dismissed.

Finally, the complaint could be construed to allege state law claims of false arrest and malicious prosecution. 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

*Id.* The district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." *Id.* at § (c)(3).

Having dismissed the plaintiff's federal claims, the court declines to exercise supplemental jurisdiction to hear any state law claims set forth in the complaint. As such, any state law claims asserted in the complaint will be dismissed without prejudice, to be filed, if the plaintiff so chooses, in a Tennessee state court.[2]

## V. Conclusion

---
[2] The court makes no representations regarding any applicable statute of limitations for any state law claim.

For the reasons explained herein, the court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against all defendants. 28 U.S.C. § 1915A. Therefore, this action will be dismissed. 28 U.S.C. § 1915(e)(2). The plaintiff's state law claims will be dismissed without prejudice, to be filed, if the plaintiff so chooses, in a Tennessee state court.

An appropriate order will be entered.

_____
ALETA A. TRAUGER.
UNITED STATES DISTRICT JUDGE